**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                                                           Cr. No. 01-849 JC

**ARTURO MUNOZ-MARQUEZ,**

    Defendant.

## OPINION

**THIS MATTER** comes before the Court on the defendant's sentencing memorandum (Doc. 23) in which the defendant, who is scheduled to be sentenced for violating 8 U.S.C. § 1326, contends that he should be assessed an 8-level upward adjustment, rather than the 16-level upward adjustment sought by the plaintiff, for his prior conviction of transporting aliens within the United States of America. The Court has examined the defendant's sentencing memorandum, the plaintiff's response in opposition (Doc. 24), and the relevant legal authorities, and, for the reasons set forth below, finds that the defendant's sentencing memorandum is not well-taken and that the relief therein requested should be **DENIED**.

### I.
### FACTUAL BACKGROUND

Defendant Arturo Munoz-Marquez ("Defendant") was convicted in September 1999 for transporting aliens within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i). See Plaintiff United States of America's response brief

at 1-2, *citing* Defendant's presentence report. The factual basis for his conviction was that Defendant, in exchange for certain monetary consideration, picked-up 12 undocumented aliens at a prearranged location in the United States and transported them to a house in New Mexico. As a result of his conviction, Defendant was deported from the United States to his native country, the Republic of Mexico.

Defendant was apprehended in April 2001 by the United States Border Patrol in New Mexico. Defendant admitted at that time that he illegally reentered the United States in March 2001. Based on the foregoing facts, Plaintiff United States of America ("Government") charged Defendant with illegally reentering the United States, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). Defendant entered a plea of guilty in July 2001.

Defendant's presentence report was disclosed in August 2001. In the report, Defendant's offense level was calculated according to United States Sentencing Guidelines § 2L1.2, using the guideline that was then in effect. The base offense level of 8 was increased by 16 levels pursuant to USSG § 2L1.2(b)(1)(A), because Defendant had previously been deported for an aggravated felony. Pursuant to a Rule 11(e)(1)(C) plea agreement between Defendant and the Government, the parties stipulated that Defendant's total offense level is 17.

Subsequent to the date that the presentence report was prepared, USSG § 2L1.2 was amended. The amended guideline prescribes an 8-level upward adjustment for generic aggravated felonies, and it prescribes a 16-level upward adjustment for, *inter alia*, alien smuggling offenses committed for profit. Defendant now claims that his base offense level should be increased by 8 levels, rather than the 16 levels sought by the Government, because his prior conviction of transporting aliens within the United States does not constitute an alien smuggling offense.

# II.
# DISCUSSION

## A.     Plea Agreement Modification

The Government claims the Court cannot grant the relief requested by Defendant in his sentencing memorandum, because the Court lacks the power and authority to unilaterally modify the plea agreement. See Government's response brief at 2. Under the circumstances of this case, where the parties have entered into a binding Rule 11(e)(1)(C) agreement and the Government has objected to any modification of the agreement, the Court agrees that it cannot modify the agreement. See United States v. Veri, 108 F.3d 1311, 1315 (10th Cir. 1997) ("[I]f a sentencing court accepts a Rule 11(e)(1)(C) agreement, it is bound by the agreement and may not modify it."); United States v. Barnes, 83 F.3d 934, 941 (7th Cir. 1996) ("The district court does not have the power to retain the plea and discard the agreed-upon sentence, even if the sentence departs from what the guidelines might prescribe."). Therefore, should the Court determine that the offense level prescribed in the plea agreement is invalid or otherwise inappropriate, the Court may reject the agreement but it cannot modify the agreement. See id. ("If we rule that some provision of the plea agreement is invalid, we must discard the entire agreement and require [the defendant] and the government to begin their bargaining all over again."); United States v. Mukai, 26 F.3d 953, 956 (9th Cir. 1994) ("If the Court did not find the terms [of the agreement] appropriate, its only option was to reject the agreement in its entirety.").

## B.     Appropriate Offense Level

Defendant claims the sentencing guideline applicable in this case, USSG § 2L1.2(b)(1), mandates that he be assessed an 8-level upward adjustment for reentering the United States after

being convicted of transporting aliens, not the 16-level upward adjustment sought by the Government. See Defendant's sentencing memorandum at 1. Section 2L1.2(b)(1) provides:

> If the defendant previously was deported, or unlawfully remained in the United States, after–
>
> (A)     a conviction for a felony that is . . . (vii) an alien smuggling offense committed for profit; increase by **16** levels;
>
> . . .
>
> (C)     a conviction for an aggravated felony, increase by **8** levels;

In spite of his claim, Defendant concedes that the Tenth Circuit recently opined that Congress "'intended to include the additional offense of transportation of aliens within the anti-smuggling laws.'" Defendant's sentencing memorandum at 2, *quoting* U.S. v. Salas-Mendoza, 237 F.3d 1246, 1247 (10th Cir. 2001). Defendant argues, however, that the Salas-Mendoza case is inapposite to this case because the sentencing guideline, which has been amended, "references only alien smuggling for profit[ ] and does not include the 'relating to' language found to be so crucial in Salas-Mendoza . . . ." Id. at 1, *citing* 8 U.S.C. § 1101(a)(43)(N) (including as an aggravated felony "an offense described in paragraph (1)(A) or (2) of § 1324(a) of this title (relating to alien smuggling) . . . ."). Defendant contends that by deliberately leaving out the "relating to" language in the amended guideline, the Sentencing Commission intended only persons convicted of smuggling aliens across the border to be subjected to a 16-level enhancement. Id. at 3.

Defendant's argument must be rejected on the ground that it has no basis in fact. While it is true that the current version of USSG § 2L1.2(b)(1) does not include the "relating to" language seized upon by the Tenth Circuit in the Salas-Mendoza case, neither does the old version of USSG § 2L1.2(b)(1). Instead, the so-called crucial phrase–"relating to alien smuggling"–continues to

4

appear in 8 U.S.C. § 1101(a)(43)(N), which continues to characterize transporting aliens as an aggravated felony pursuant to 8 U.S.C. §§ 1324(a)(1)(A) and 1324(a)(2). Accordingly, the amended sentencing guideline does not assail the Tenth Circuit's recent opinion that transporting aliens within the United States constitutes an alien smuggling offense and, therefore, it also does not evince the Sentencing Commission's intention to subject to a 16-level enhancement only persons convicted of actually smuggling aliens across the border.

To reach a different conclusion, this Court would have to ignore the Tenth Circuit's observation in the Salas-Mendoza case that the charging statute, 8 U.S.C. § 1324(a), deems the offense of transporting aliens to be part and parcel of alien smuggling. As stated in the Salas-Mendoza case:

> . . . § 1324(a)(1) now presents a single comprehensive "definition" of the federal crime of alien smuggling–one which tracks smuggling and related activities from their earliest manifestations (inducing illegal entry and bringing in aliens) to continued operation and presence within the United States (transporting and harboring aliens).

237 F.3d at 1247 (quotation omitted). This Court cannot ignore the Tenth Circuit's observation in Salas-Mendoza, as it is bound by that decision. See U.S. v. Spedalieri, 910 F.2d 707, 709 (10th Cir. 1990).

In view of the fact that Defendant reentered the United States after having been convicted of transporting aliens, which constitutes an alien smuggling offense under 8 U.S.C. § 1324 as interpreted in the Salas-Mendoza case, USSG § 2L1.2(b)(1) dictates that he be assessed a 16-level upward adjustment. The offense level prescribed in the plea agreement entered into by Defendant and the Government is valid and appropriate. Therefore, the plea agreement will stand and the relief requested by Defendant in his sentencing memorandum will be **Denied**.

# III.
# CONCLUSION

For the reasons set forth above, the Court finds that the defendant is not entitled to the relief requested in his sentencing memorandum. An Order in conjunction with this Opinion will issue.

DATED at Albuquerque this 11th day of February, 2002.


_____
BRUCE D. BLACK
United States District Judge


**Attorneys:**

For Plaintiff:

    Mark D'Antonio, Las Cruces, N.M.

For Defendant:

    Jane Greek, Las Cruces, N.M.